UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL F. TUSCANO, SR.,

    Plaintiff,

vs.    Case No. 8:05-cv-112-T-24 MAP

THE EVENING JOURNAL
ASSOCIATION,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. No. 22). Plaintiff opposes this motion. (Doc. No. 31).

Plaintiff, proceeding pro se, filed a second amended complaint, in which he asserts several claims relating to Defendant's alleged failure to comply with a 1979 Arbitration Award and the related final judgment. (Doc. No. 13). In response, Defendant filed the instant motion, in which it alleges that Plaintiff's claims should be dismissed.

## **I. Background**

In 1976, Plaintiff filed a lawsuit ("the 1976 case") against Defendant in the Superior Court of New Jersey, which was referred to arbitration. The arbitrator issued an arbitration award in favor of Plaintiff on October 19, 1979. (Doc. No. 23, Ex. 1). On January 23, 1980, Judge Dreier of the New Jersey Superior Court entered a Final Judgment and Order based on the 1979 Arbitration Award in Plaintiff's favor. (Doc. No. 23, Ex. 2). On April 11, 1980, Plaintiff's attorney filed a Warrant to Satisfy Judgment in the New Jersey Superior Court stating that the 1980 Final Order and Judgment had been satisfied. (Doc. No. 23, Ex. 3). As a result, on April

14, 1980, Plaintiff's and Defendant's counsel signed a stipulation dismissing the 1976 case with prejudice.  (Doc. No. 23, Ex. 4).

On January 8, 2002, Plaintiff filed a motion in the Superior Court of New Jersey to reopen the 1976 case in order to enforce the 1980 judgment.  (Doc. No. 23, Ex. 7).  On February 8, 2002, Judge Weiss denied the motion with prejudice.  (Doc. No. 23, Ex. 8).

On October 9, 2002, Plaintiff filed another motion in the Superior Court of New Jersey to enforce the 1980 judgment.  (Doc. No. 23, Ex. 11).  On November 22, 2002, Judge Cassidy denied the motion based on Judge Weiss's February 8, 2002 order.  (Doc. No. 23, Ex. 12).

On December 30, 2003, Plaintiff filed a complaint against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.  (Doc. No. 23, Ex. 18).  This Court dismissed the case for lack of subject matter jurisdiction, stating that "Plaintiff must seek his remedy from the New Jersey Court which approved the award and not this Court." (Doc. No. 21, Ex. 19).

On January 30, 2004, Plaintiff filed another complaint against Defendant in the Superior Court of New Jersey regarding the 1979 Arbitration Award and the 1980 judgment.  (Doc. No. 23, Ex. 20).  On April 2, 2004, Judge Cassidy dismissed the case with prejudice.  (Doc. No. 23, Ex. 21).

On August 12, 2004, Plaintiff filed another complaint against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.  (Doc. No. 23, Ex. 23).  This Court dismissed Plaintiff's claims without prejudice due to Plaintiff's failure to serve Defendant. (Doc. No. 23, Ex. 26).  Thereafter, on January 20, 2005, Plaintiff filed the instant case against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.

**II.  Motion to Dismiss**

Defendant argues that this case should be dismissed, because (1) the judgement in the 1976 case was satisfied in 1980; (2) the statute of limitations for attempting to enforce the 1980 judgment of the Superior Court of New Jersey expired in 2000[1]; (3) several courts have previously rejected Plaintiff's attempts to "enforce" the 1980 judgment; and (4) this Court has already stated that it lacks subject matter jurisdiction to enforce, modify, or reopen a ruling of the Superior Court of New Jersey.  The Court agrees with Defendant and finds that this case must be dismissed.

**III.  Enjoining Plaintiff**

Defendant also seeks an order from this Court enjoining Plaintiff from filing any more cases in this Court relating to the 1979 Arbitration Award and the 1980 judgment.  This Court has found that it lacks subject matter jurisdiction to enforce, modify, or reopen a ruling of the Superior Court of New Jersey, and as such, Plaintiff is enjoined from filing any more suits in this Court relating to the 1979 Arbitration Award and the 1980 judgment.

**IV.  Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)  Defendant's Motion to Dismiss (Doc. No. 22) is **GRANTED**;

(2)  This case is dismissed due to lack of subject matter jurisdiction;

(3)  Defendant's request to enjoin Plaintiff from filing any more cases in this Court relating to the 1979 Arbitration Award and the 1980 judgment is **GRANTED**; and

---

[1] New Jersey Statute 2A:14-5 provides a 20 year limitations period for actions enforcing a judgment.

  (4) The Clerk is directed to close this case.

  **DONE AND ORDERED** at Tampa, Florida, this 22nd day of June, 2005.

                            */s/ Susan C. Bucklew*
                            SUSAN C. BUCKLEW
                            United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff