UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL F. TUSCANO, SR.,

    Plaintiff,

vs.     Case No. 8:05-cv-112-T-24 MAP

THE EVENING JOURNAL
ASSOCIATION,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Plaintiff's Motion to Vacate, Reinstate or Correct. (Doc. No. 33). In this motion, Plaintiff requests that the Court vacate its June 22, 2005 order dismissing this case. (Doc. No. 32).

## **I.  Background**

In 1976, Plaintiff filed a lawsuit ("the 1976 case") against Defendant in the Superior Court of New Jersey, which was referred to arbitration. The arbitrator issued an arbitration award in favor of Plaintiff on October 19, 1979. (Doc. No. 23, Ex. 1). On January 23, 1980, Judge Dreier of the New Jersey Superior Court entered a Final Judgment and Order based on the 1979 Arbitration Award in Plaintiff's favor. (Doc. No. 23, Ex. 2). On April 11, 1980, Plaintiff's attorney filed a Warrant to Satisfy Judgment in the New Jersey Superior Court stating that the 1980 Final Order and Judgment had been satisfied. (Doc. No. 23, Ex. 3). As a result, on April 14, 1980, Plaintiff's and Defendant's counsel signed a stipulation dismissing the 1976 case with prejudice. (Doc. No. 23, Ex. 4).

On January 8, 2002, Plaintiff filed a motion in the Superior Court of New Jersey to reopen the 1976 case in order to enforce the 1980 judgment. (Doc. No. 23, Ex. 7). On February 8, 2002, Judge Weiss denied the motion with prejudice. (Doc. No. 23, Ex. 8).

On October 9, 2002, Plaintiff filed another motion in the Superior Court of New Jersey to enforce the 1980 judgment. (Doc. No. 23, Ex. 11). On November 22, 2002, Judge Cassidy denied the motion based on Judge Weiss's February 8, 2002 order. (Doc. No. 23, Ex. 12).

On December 30, 2003, Plaintiff filed a complaint against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.[1] (Doc. No. 23, Ex. 18). This Court dismissed the case for lack of subject matter jurisdiction, stating that "Plaintiff must seek his remedy from the New Jersey Court which approved the award and not this Court." (Doc. No. 21, Ex. 19).

On January 30, 2004, Plaintiff filed another complaint against Defendant in the Superior Court of New Jersey regarding the 1979 Arbitration Award and the 1980 judgment. (Doc. No. 23, Ex. 20). On April 2, 2004, Judge Cassidy dismissed the case with prejudice. (Doc. No. 23, Ex. 21).

On August 12, 2004, Plaintiff filed another complaint against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.[2] (Doc. No. 23, Ex. 23). This Court dismissed Plaintiff's claims without prejudice due to Plaintiff's failure to serve Defendant. (Doc. No. 23, Ex. 26). Thereafter, on January 20, 2005, Plaintiff filed the instant case against Defendant in this Court regarding the 1979 Arbitration Award and the 1980 judgment.

---

[1] Case No. 8:03-cv-2717-T-26-TBM

[2] Case No. 8:04-cv-1857-T-24-TGW

On May 23, 2005, Defendant moved to dismiss the instant case, arguing that this case should be dismissed, because (1) the judgement in the 1976 case was satisfied in 1980; (2) the statute of limitations for attempting to enforce the 1980 judgment of the Superior Court of New Jersey expired in 2000[3]; (3) several courts have previously rejected Plaintiff's attempts to "enforce" the 1980 judgment; and (4) this Court has already stated that it lacks subject matter jurisdiction to enforce, modify, or reopen a ruling of the Superior Court of New Jersey.  This Court agreed with Defendant and found that the case should be dismissed.

Thereafter, Plaintiff filed another suit that was removed to this Court and was assigned to Judge Lazzara.[4]  Judge Lazzara dismissed the case for lack of subject matter jurisdiction. Plaintiff appealed Judge Lazzara's dismissal, and the Eleventh Circuit affirmed Judge Lazzara's decision.  (Doc. No. 14 in 05-cv-1866).  The Eleventh Circuit stated that although the district court had subject matter jurisdiction due to diversity jurisdiction, dismissal was appropriate because Plaintiff's complaint was barred by res judicata.  Specifically, the Eleventh Circuit found that Plaintiff's claims were barred because they were raised or could have been raised in Plaintiff's prior state and federal lawsuits.

## II.  Motion to Vacate

Plaintiff filed the instant motion, requesting that this Court vacate its order dismissing this case.  Plaintiff argues that this Court erred in dismissing his case based on a lack of subject matter jurisdiction.  The Court finds that its prior order dismissing this case should not be vacated, because, as stated by the Eleventh Circuit, Plaintiff's claims in this case are barred by

---

[3]New Jersey Statute 2A:14-5 provides a 20 year limitations period for actions enforcing a judgment.

[4]Case No. 8:05-cv-1866-T-26-MAP

res judicata, because they were raised or could have been raised in his prior lawsuits.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate, Reinstate or Correct (Doc. No. 33) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of June, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff